UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-22745-CIV-COOKE

JONATHAN PEARSON and
ALFA SPECIALTY INS. CO.,

    Plaintiffs,

vs.

FELIPE J. MOURIN, BRISEIDA MOURIN,
DAMION R. FALCON, through his parent
and legal guardian MONIQUE FALCON,
MONIQUE FALCON, JOANNA NGUYEN,
IDA DRAPPEAU, KATELYN CUMMINGS,
and MYKEN CORP., a Florida corporation,

    Defendants.

_____/

## ORDER OF DISMISSAL

THIS MATTER is before me upon a *sua sponte* review of the record. Plaintiffs filed a Complaint for Declaratory Relief on July 23, 2015. After reviewing Plaintiffs' Complaint and attached exhibits, the record, relevant legal authorities, and for the reasons stated below, Plaintiff's Complaint for Declaratory Relief is dismissed without prejudice.

### I. BACKGROUND

Plaintiffs Jonathan Pearson ("Mr. Pearson") and Alfa Specialty Insurance Company ("Alfa") bring this action for a declaratory judgment pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 1331. The controversy alleged in the Complaint stems from an alleged theft of Mr. Pearson's identity. More specifically, on October 6, 2014, an automobile accident involving a 2005 Suzuki Forenza and a 2000 Ford Crown Victoria occurred. At the time of the accident, the Suzuki Forenza was driven by Defendant Damian R. Falcon, with Defendants Monique Falcon, Joanna Nguyen, Katelyn Cummings, and Ida Drappeau as passengers, and the Ford Crown Victoria was owned by Defendant Briseida Mourin and driven by Defendant Felipe J. Mourin. As a result of that accident, Defendants Damian Falcon, Monique Falcon, Joanna Nguyen, and Ida Drappeau asserted claims as uninsured motorists

under Plaintiff Mr. Pearson's insurance policy, alleging that he was the owner of the Suzuki Forenza.

Mr. Pearson, however, disputes Defendants allegations that he owns the Suzuki Forenza and asserts that his identity was stolen.  He alleges that he never purchased a 2003 Suzuki Forenza and that any evidence to the contrary, including the bill of sale for the vehicle with his name, address, and signature on it, is false.  Therefore, he seeks a declaration of his rights with regard to all Defendants' potential claims against him and his insurer.  More specifically, he seeks a declaration that: (1) he is not the owner of and was not driving the Suzuki Forenza when it was involved in an accident; (2) he is not liable to the Defendants for the accident; (3) the claims asserted by Defendants against Plaintiffs are not covered claims; (4) Plaintiffs are entitled to an award of attorney's fees and costs in this proceeding.

## II.  LEGAL STANDARD

A district court must *sua sponte* inquire into subject matter jurisdiction and may dismiss a case whenever it may be lacking.  Fed. R. Civ. P. 12(h)(3); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).  "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.*  A court "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A court shall also assert jurisdiction over civil actions where the matter in controversy exceeds $75,000, and is between citizens of different states or foreign countries.  28 U.S.C. § 1332.

Dismissal for failure to meet the amount in controversy is proper only where the pleadings make it clear "to a legal certainty that the claim is really for less than the jurisdictional amount."  *Bradley v. Kelly Servs., Inc.*, 224 Fed. App'x 893, 895 (11th Cir. 2007).  Where the sufficiency of the amount in controversy is challenged, the party seeking to invoke jurisdiction bears the burden of proving "by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum."  *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 352-53 (1961).  Conclusory allegations are insufficient.  *Id.*  Rather, the party must set forth the underlying facts supporting such an assertion.  *Id.*; *see also Leonard v. Enterprise Rent a Car*, 279 F.3d 967 (11th Cir. 2002).

### III.    ANALYSIS

As a preliminary matter, I note that "[t]he operation of the Declaratory Judgment Act is procedural only." *Household Bank v. JFS Group*, 320 F.3d 1249, 1253 (11th Cir. 2003) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937)).  Thus, a plaintiff may not bring a declaratory judgment action in federal court alleging subject matter jurisdiction under § 1332 merely by citing the Act itself.

Here, Plaintiffs' allege that "this is an action for declaratory relief pursuant to 28 U.S.C. § 2201" and that "[t]here is full diversity of citizenship between the parties since the Plaintiffs and all Defendants are residents of different states.  See 28 U.S.C. § 1331."[1]  While Plaintiffs sufficiently plead complete diversity of citizenship between all Plaintiffs and Defendants, Plaintiffs fail to plead that the amount in controversy in this case meets the $75,000 minimum necessary to establish diversity jurisdiction under 28 U.S.C. § 1332. Plaintiffs cite to "Defendants claims, including but not limited to claims for alleged losses…" but fail to specify exactly what claims Defendants have lodged against Plaintiffs and for what amounts.  Plaintiffs attach as Exhibit A to their Complaint Mr. Pearson's auto insurance coverage limits, but this information is insufficient to determine that Plaintiffs have met the $75,000.00 amount in controversy requirement.  Simply put, Plaintiffs never specifically reference any amount in controversy in their Complaint.  Thus, given the lack of any allegations in the Complaint or attached exhibits addressing the amount in controversy in this action, Plaintiffs have failed to properly allege that this Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332.

### IV. CONCLUSION

Therefore, as Plaintiffs' Complaint fails to sufficiently allege this Court's subject matter jurisdiction over the matter, it is **ORDERED** and **ADJUDGED** that:

1.    Plaintiffs' Complaint for Declaratory Relief (ECF No. 1) is **DISMISSED** *without prejudice*.  Plaintiffs may file an Amended Complaint on or before August 14, 2015, properly alleging a basis for this Court's jurisdiction.

2.    The Clerk shall *administratively* **CLOSE** this matter in the interim.

---

[1] While Plaintiffs cite to 28 U.S.C. § 1331, that appears to be an error as Plaintiffs appear to be proceeding under diversity of citizenship jurisdiction, 28 U.S.C. § 1332.  Therefore, I will construe all references to 28 U.S.C. § 1331 to mean 28 U.S.C. § 1332.

**DONE and ORDERED** in chambers, at Miami, Florida, this 30th day of July 2015.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Counsel of Record*